UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21030-CR-UNGARO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LUIS MANUEL MORANTE-PALACIOS

    Defendant.

    _____/

### ORDER ON MAGISTRATE JUDGE'S REPORT

THIS CAUSE is before the Court upon Defendant Luis Manuel Morante-Palacios's Motion to Suppress Evidence and All Post-Arrest Statements ("Motion"). (D.E. 33.) The matter was referred to Magistrate Judge Andrea M. Simonton, who held an evidentiary hearing on the Motion on February 24, 2010, and on March 15, 2010, issued a Report recommending that Defendant's Motion be denied. (D.E. 41.) The parties were afforded the opportunity to file objections to the Magistrate Judge's Report. Defendant Morante-Palacios ("Morante") filed his Objections to the Magistrate's Report and Recommendation ("Objections") on March 29, 2010 (D.E. 47), to which the Government responded on April 9, 2010 (D.E. 52). The matter is now ripe for disposition.

THE COURT has conducted a *de novo* review of the record and is otherwise fully advised in the premises.

After a careful review of the record, the Court adopts the factual findings contained on pages four through thirteen of the Magistrate Judge's Report. In his Objections, Defendant Morante argues that the Magistrate Judge omitted several facts from the Findings of Fact

contained in the Report.  (D.E. 47, at 2–3.)  The Court has considered Defendant Morante's objections but finds that its analysis would not be affected by the inclusion of the additional facts Defendant argues were established at the hearing on his Motion.  Accordingly, the Court need not determine whether the facts in question were established by a preponderance of the evidence, as they are immaterial to the Court's decision of the Motion.

Defendant Morante also objects to the Magistrate Judge's conclusions that Immigration and Customs Enforcement ("ICE") agents had probable cause to arrest the Defendant for conspiracy to possess with intent to distribute cocaine and that the post-arrest statements made by the Defendant were voluntarily made after a knowing, intelligent, and voluntary wavier of his *Miranda* rights.  (D.E. 47, at 3–10.)

With respect to the probable cause determination, Defendant Morante argues that the Magistrate Judge's reliance on several cases in her Conclusions of Law was misplaced.  (D.E. 47, at 3–7.)  Defendant argues that, in the cases cited by the Magistrate Judge, more facts supported the probable cause determination than were available in the instant case.  (*Id.*)  While the Court acknowledges that the circumstances underlying the holdings relied upon by the Magistrate Judge may differ from those in the case at bar, the Court finds that those factual variations do not undermine the Magistrate Judge's recommendation that Defendant's Motion to Suppress be denied.

The evidence in the record supports the Magistrate Judge's conclusion that, given the totality of the circumstances, ICE officials had probable cause to arrest Defendant Morante.  Defendant correctly states that *United States v. Irurzun*, 631 F.2d 60 (5th Cir. 1980), stands for the proposition that mere presence in the vicinity of criminal activity, without more, does not

2

establish probable cause.[1]  (*See* D.E. 47, at 4–5.)  However, *Irurzun* and subsequent cases have held that presence, together with additional factors that would lead a prudent person to believe that an offense has been or is being committed, may be sufficient to establish probable cause to arrest.  *Irurzun*, 631 F.2d at 63.

Further, the Court of Appeals for the Eleventh Circuit has held that probable cause to arrest exists in circumstances very similar to those in the case at bar.  In *United States v. Blanco*, the Court of Appeals for the Eleventh Circuit affirmed the district court's finding that police had probable cause to arrest the defendant for possession with intent to distribute ecstasy.  *United States v. Blanco*, 322 Fed. App'x 916 (11th Cir. 2009).  In that case, police had arrested the defendant's co-conspirator earlier in the day; the co-conspirator, Cannady, agreed to cooperate with police by leading them to her supplier, Blanco.  Cannady called Blanco and arranged to meet with him that day.  The police officers accompanied Cannady to the meeting place; the defendant was there.  Police arrested the defendant after he approached and then got inside Cannady's car.  Based on those facts, the Court of Appeals affirmed the district court's determination that police had probable cause to arrest Blanco.  *Id.* at 918.

Here, as in *Blanco*, Defendant's presence alone did not provide ICE officials with probable cause to arrest.  Here, co-Defendant Williams informed ICE officers that he had been instructed by his co-conspirators in Peru to contact "Joe" upon his arrival with the cocaine in Miami. (Transcript of Evidentiary Hearing held Feb. 24, 2010, D.E. 40, hereinafter "Tr.," at 12–13; 18.)  From this information, it was reasonable for ICE officials to believe that "Joe," later

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit entered before October 1, 1981, are binding precedent in the Eleventh Circuit.  *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

3

discovered to be Defendant Morante, was acting in furtherance of the conspiracy to possess with intent to distribute cocaine and was not simply innocently picking Williams up from the airport. Further, just as in *Blanco*, Defendant Morante appeared at the designated meeting place just outside the customs enclosures and approached Williams and then again approached Williams after he exited the airport. (Tr. at 20–21; 24–25.) Based on these circumstances, as detailed in the Magistrate Judge's Findings of Fact, ICE officials had probable cause to believe that Defendant Morante was committing or was about to commit an offense.

Defendant Morante also objects to the Magistrate Judge's conclusions that Defendant's waiver of his *Miranda* rights was made knowingly and voluntarily and that his post-waiver statements were made voluntarily. (D.E. 47, at 8–10.) The arguments Defendant Morante makes in support of these objections were also made at the evidentiary hearing conducted on this matter. Accordingly, the Court has already taken such arguments into consideration and need not address them at further length here, as they have been adequately examined in the Magistrate Judge's Report and by the undersigned.

Accordingly, for the reasons stated above, it is hereby

ORDERED AND ADJUDGED that United States Magistrate Judge Simonton's Report of March 15, 2010 (D.E. 41) is RATIFIED, AFFIRMED and ADOPTED. It is further

ORDERED AND ADJUDGED that, for the reasons given in the Magistrate Judge's Report, Defendant's Motion to Suppress (D.E. 33) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 10th day of May, 2010.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record